## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                           **CASE NO: 6:10-cr-81-Orl-28GJK**

**JAMES OGLE**

_____

### ORDER

On March 24, 2009, Defendant James Ogle was in possession of child pornography.[1] (Information, Doc. 1 at 1). He entered a guilty plea and was sentenced to a term of imprisonment followed by supervised release, a condition of which is that he not commit another criminal offense.  Mr. Ogle completed his prison sentence and now seeks permission to return to the residence he has occupied since 1998. (Verified Mot. to Permit Def. to Reside at 275 Pioneer Road, Merritt Island, Florida 32953, Doc. 43).[2] Because that residence is located within 1000 feet of a child care facility, the Government objects, arguing that by returning to his former residence Mr. Ogle would violate state and local law and thus would also violate the conditions of his supervised release.  I disagree.

I.      **Background**

According to his motion, Mr. Ogle began residing at his residence at 275 Pioneer

_____

[1] Mr. Ogle's actions violated 18 U.S.C. § 2252A.
[2] I treat this motion as a motion to clarify the terms of supervised release.

Road in Merritt Island, Florida, in 1998. (Doc. 43 at 2). The only interruptions in Mr. Ogle's residence at this property were as a result of hurricanes in 2004 and 2005 and Mr. Ogle's incarceration from 2010 to 2013. (Id.). After his incarceration, Mr. Ogle registered as a sex offender, (id. at 3), and commenced his term of supervised release which he continues to serve, (see Judgment, Doc. 40 at 3).

In 2000 "La Petite Academy," a child care facility, was built within 1000 feet of Mr. Ogle's home. (Doc. 43 at 3). Upon his registration as a sex offender, the Brevard County Sheriff's Office informed Mr. Ogle that he may be in violation of a state statute and a local ordinance prohibiting convicted sex offenders from residing within 1000 feet of a child care facility.[3] (See id.). Both Florida Statute § 775.215 and Brevard County Code § 74-102 indeed prohibit a convicted sex offender from residing within 1000 feet of child care facilities. However, both laws provide exceptions stating that the offender cannot be forced to relocate if the child care facility begins operation after the offender has established residency. Mr. Ogle seeks permission to return to his residence because the statutory exceptions to the 1000-foot rule apply. (Id. at 3-4). The Government does not object to the Court ruling on this motion. (See United States' Resp. in Opp'n to Def.'s Mot. to Reside at 275 Pioneer Road, Merritt Island, Florida 32953, Doc. 45).

## II.    Florida Statute § 775.215

The Florida legislature has enacted residency restrictions that apply to convicted sex offenders. § 775.215, Fla. Stat. (2013). The statute makes it a crime for sex

---

[3] In the judgment in Mr. Ogle's case, the Court ordered that he "shall not commit another federal, state or local crime" while on supervised release. (Doc. 40 at 3).

offenders convicted under specific offenses[4] to "reside within 1,000 feet of any school, child care facility, park, or playground." § 775.215(3). The statute, however, provides:

> [A] person does not violate this subsection and may not be forced to relocate if he or she is living in a residence that meets the requirements of this subsection and a school, child care facility, park, or playground is subsequently established within 1,000 feet of his or her residence.

§ 775.215(3)(a). Resolution of the present issue turns on the phrase "subsequently established" and whether that phrase means established after the person began living in the residence or after that person was convicted of a sex offense. Because he resided in his home before the child care facility was built, Mr. Ogle argues that the exception applies to him and he should be permitted to continue residing at his home. (See Doc. 43 at 3-4). On the other hand, the Government contends that this exception only applies to cases where the child care facility was established subsequent to the person's designation as a sex offender. (Doc. 45 at 7).

Of course, the "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. [The] inquiry must cease if the statutory language is unambiguous." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). In this case, the meaning of the statute is clear—"subsequently" refers to when the person began living at the residence, not when he was convicted. The sentence containing the exception does not refer to a conviction at all; it only refers to the person's residence. The term "subsequently" was meant to refer back to an object within the same sentence, and there is no indication in

---

[4] The statute applies to individuals who have committed certain Florida sex offenses as well as individuals who have been convicted of any similar offenses in another jurisdiction. § 775.215(2)(a), (3)(a). Mr. Ogle does not argue that his offense would not be considered a similar offense under § 775.215(3)(a).

the statute to the contrary.  The plain language of the statute shows that the exception

applies if the person lived at the residence before the child care facility was established,

regardless of when that person was convicted.

If the statute were ambiguous—which it is not—the Court could look beyond the

statute's text to interpret its meaning.  See United States v. DBB, Inc., 180 F.3d 1277,

1282 (11th Cir. 1999).  This statutory exception was enacted in 2010, and the parties

cite no cases interpreting the provision.  The Florida Supreme Court has, however,

adopted a standard jury instruction explaining its understanding of the exception.

Florida Standard Jury Instruction for Criminal Cases 11.17 provides: "It is not a crime for

(defendant) to have lived within 1,000 feet of a [school] [child care facility] [park]

[playground], if you find that (defendant) resided there before the [school] [child care

facility] [park] [playground] was established."  Fla. Std. Jury Instr. (Crim.) 11.17; see also

In re Standard Jury Instructions in Criminal Cases—Report No. 2011-03, 95 So. 3d 868,

875-76 (Fla. 2012).   The use of "(Defendant)" with the implied insertion of the

defendant's name indicates that the exception applies if that person resided in the

residence before the facility in question was established.  The jury instruction does not

mention the date or timing of the conviction when referring to the exception.

The notes to this instruction providing guidance to trial courts are also persuasive

and support my reading of the statute.  They state:

> It is undetermined whether residence before establishment is an
> affirmative defense or whether residence after establishment is an
> element of the offense.  If an affirmative defense, the defendant must
> produce evidence that he or she was living in that location prior to
> establishment of the school, facility, park or playground.

- 4 -

Id. at 876.  Again, this indicates that the important date in determining whether the child care facility was subsequently established is when the defendant began living at the residence, not the date of conviction.

If the statute were ambiguous, the instruction and notes would be persuasive in construing its meaning.  For these reasons, the circumstances of this case fall within the exception to § 775.215, and Mr. Ogle's continued residence at 275 Pioneer Road in Merritt Island, Florida will not result in a violation of supervised release under Florida law.

### III.    Brevard County Ordinance

The Brevard County ordinance forbids the same conduct as the Florida statute. Brevard Cnty., Fla., Code § 74-102.  The ordinance states that an individual does not violate the statute if the residence was established before the effective date of the ordinance or if "[t]he school, day care center, park or playground was opened or established after the sexual offender or sexual predator established the permanent residence." Id. § 74-102(a).  The ordinance defines "sexual offender" by referring to the Florida statutory definition, see id. § 74-101, which states that a sexual offender is "a person who has been convicted of committing . . . any of [particular or similar] offenses," § 944.606(1)(b), Fla. Stat. (2013).   The Government contends that based on this definition, "[Mr. Ogle] was not a 'sexual offender' under the ordinance until he was convicted; once that happened, he lost his legal right to live in the vicinity of all those children." (Doc. 45 at 7).

The Government's argument is unavailing.  The argument assumes that the establishment of a residence prior to conviction is irrelevant.  In other words, the

Government argues that for purposes of the ordinance, it does not matter when a person establishes a residence within the 1000-foot buffer until that person is convicted of a qualifying felony. Under this interpretation, a person would be deemed to have established a residence by operation of law upon conviction of a qualifying felony, regardless of how long the offender resided there prior to the conviction. The conviction would result in automatic banishment of an offender from his residence.

The meaning of the ordinance is clear. It prohibits sex offenders from residing within 1000 feet of certain operations, including child care facilities, unless the offender established the residence before the protected operations were established. If the county had intended the exception to apply only in those cases where the facility was established after the sex offender was convicted, it would have said so. It did not.

The Brevard County ordinance, like the state statute, excepts sex offenders from the residency restriction if they lived in their residence before the child care facility was built. The term "sex offender" is used only as a way of identifying to whom the statute applies and does not define the time residency begins. Mr. Ogle fits within the exception to the Brevard County ordinance and will not violate the conditions of his supervised release by continuing to reside at his residence.

## IV.    Conclusion

As noted above, based on the wording of the legislation, I construe Florida and Brevard County law as excepting Mr. Ogle from the relevant residency restrictions. In reaching this conclusion, I have not failed to consider the Government's valid concerns. The obvious purpose of the legislation questioned here is to protect children from sex offenders, and the laws as drafted are imperfect in achieving that goal. Nonetheless,

neither the statute nor the ordinance criminalize Mr. Ogle's return to the residence he established before the child care facility began operation.   Mr. Ogle will not be found in violation of his probation for continuing to reside at 275 Pioneer Road, Merritt Island, Florida 32953.   Defendant's motion (Doc. 43) is **GRANTED.**

DONE and **ORDERED** in Orlando, Florida on November 4, 2013.

Copies furnished to:

JOHN ANTOON II
United States District Judge

Counsel of Record

- 7 -